UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATAVIA THOMAS, individually and on behalf of
all others similarly situated,

                        Plaintiff,

                -against-

APPLE-METRO, INC., d/b/a APPLEBEE'S, ZANE
TANKEL, and ROY RAEBURN,

                     Defendants.

Case No. 14-CV-4120 (VEC)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
TO STAY PLAINTIFF'S COLLECTIVE ACTION CLAIMS**

---

LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
(212) 583-9600

Craig R. Benson, Esq.
George B. Pauta, Esq.
Erin W. Smith, Esq.

TABLE OF CONTENTS
(CONTINUED)

PAGE

INTRODUCTION ................................................................................................................. 1

FACTUAL BACKGROUND .............................................................................................. 1

    A.    The Marin Action ................................................................................................ 1

    B.    The Dove Action ................................................................................................ 3

    C.    The Thomas Action ........................................................................................... 4

ARGUMENT ....................................................................................................................... 5

    I.    LEGAL STANDARD .......................................................................................... 5

    II.    PLAINTIFF'S COLLECTIVE ACTION CLAIMS SHOULD BE
           DISMISSED PURSUANT TO THE FIRST-FILED RULE ................................. 7

           A.    There is Substantial Similarity in the Thomas, Marin and Dove
                Actions ................................................................................................. 7

                1.    The Claims in the Marin, Dove and Thomas Actions Are
                        Identical .................................................................................... 7

                2.    The Parties in the Marin, Dove and Thomas Actions are
                        Substantially Similar ............................................................... 7

                3.    The Plaintiffs In The Marin, Dove and Thomas Actions Are
                        All Seeking Identical Relief ................................................... 9

           B.    There Are No Exceptions to the First-Filed Rule Present in This
                Action .................................................................................................. 11

                1.    There are no special circumstances ......................................... 11

                  2.    The balance of convenience does not favor this suit .................. 11

    III.    ALTERNATIVELY, THIS COURT SHOULD STAY THE THOMAS
           COLLECTIVE ACTION CLAIMS PENDING RESOLUTION OF THE
           MARIN AND DOVE ACTIONS ...................................................................... 12

CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

C<span style="font-size:smaller">ASES</span>

*Biotronik, Inc. v. Guidant Sales Corp.*,
 2009 U.S. Dist. LEXIS 52635 (D. Or. June 22, 2009) ............................................................8

*Byerson v. Equifax Info. Servs., LLC*,
 467 F. Supp. 2d 627 (E.D. Va. 2006) ..................................................................................12

*Cassini, Inc. v. Serta, Inc.*,
 2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) .......................................................9

*Castillo v. Taco Bell of Am., LLC*,
 960 F. Supp. 2d 401 (E.D.N.Y. 2013) ..............................................................................6, 10

*Comedy Partners v. Street Players Holding Corp.*,
 34 F. Supp. 2d 194 (S.D.N.Y. 1999) ....................................................................................6

*Curtis v. Citibank, N.A.*,
 226 F.3d 133 (2d Cir. 2000) ...............................................................................................6

*DiGennaro v. Whitehair*,
 467 F. App'x 42 (2d Cir. 2012) ..........................................................................................12

*Dish Network, L.L.C. v. ABC*,
 2012 U.S. Dist. LEXIS 94757 (S.D.N.Y. July 9, 2012) ....................................................6, 11

*EDP Med. Computer Sys., Inc. v. United States*,
 480 F.3d 621 (2d Cir. 2007) .............................................................................................10

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,
 522 F.3d 271 (2d Cir. 2008) .........................................................................................11, 12

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
 370 F. Supp. 2d 686 (E.D. Tenn. 2005) ................................................................................7

*Goldsby v. Ash*,
 2010 U.S. Dist. LEXIS 40213 (M.D. Ala. Apr. 22, 2010) .......................................................8

*Greenaway v. Apple-Metro, Inc.*,
 2013 U.S. Dist. LEXIS 187198 (E.D.N.Y. Nov. 19, 2013)..........................................1, 5, 7, 8

*Intema Ltd. v. NTD Labs., Inc.*,
 654 F. Supp. 2d 133 (E.D.N.Y. 2009) ...................................................................................9

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*,
    544 F. Supp. 2d 949 (N.D. Cal. 2008) ............................................................................8

*MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*,
    2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. June 18, 2004) ...........................................9

*Moore v. Morgan Stanley & Co.*,
    2007 U.S. Dist. LEXIS 90567 (N.D. Ill. Dec. 6, 2007) ...............................................12

*Taylor v. Rodriguez*,
    238 F.3d 188 (2d Cir. 2001) .........................................................................................6

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) .....................................................................6, 8

**STATUTES**

FLSA ............................................................................................................................. passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 30(b)(6) ....................................................................................................2

## INTRODUCTION

Defendants Apple-Metro, Inc., Zane Tankel and Roy Raeburn (hereinafter referred to collectively as "Defendants"), submit this memorandum of law in support of their motion to dismiss, or in the alternative, to stay the collective action claims brought by Plaintiff, Atavia Thomas ("Plaintiff" or "Thomas"), pursuant to the first-filed rule.

Plaintiff claims that she and similarly situated employees were denied minimum wage and overtime pay in violation of the Fair Labor Standards Act ("FLSA").  The claims pled by Thomas in this action are substantially similar to those pled by the plaintiffs in two much earlier-filed putative collective-class actions, *Marin, et al. v. Apple-Metro, Inc., et al.*, Civil Action No. 12–CV–05274 (ENV)(CLP) ("*Marin* Action") and *Dove v. Apple-Metro, Inc., et al.*, Civil Action No. 13–CV–01417 (ENV)(CLP) ("*Dove* Action"), which are presently being litigated in the United States District Court for the Eastern District of New York ("EDNY") as related cases, before District Judge Eric N. Vitaliano and Magistrate Judge Cheryl L. Pollak.  Therefore, Plaintiff's collective action claims in this action ("*Thomas* Action") should be dismissed, or in the alternative, stayed, pending the outcome of the *Marin* and *Dove* Actions, pursuant to the first-filed rule.[1]

## FACTUAL BACKGROUND

### A.  The *Marin* Action

On October 22, 2012, Carlos Marin, a former hourly employee who worked at the Applebee's Neighborhood Grill & Bar ("Applebee's") located in Jamaica, Queens, filed a putative collective-class action against, among others, Apple-Metro, Inc., Zane Tankel and Roy Raeburn.  On March 12, 2013, Marin amended his original complaint in order to add additional

---

[1] District Judge Vitaliano has already dismissed the collective action claims in one other action in the EDNY pursuant to the first-filed rule.  See *Greenaway v. Apple-Metro, Inc.*, No. 13-cv-2818, 2013 U.S. Dist. LEXIS 187198 (E.D.N.Y. Nov. 19, 2013) (J. Vitaliano).

factual allegations.  (*See Marin* Action, ECF No. 8).  On June 28, 2013, following the voluntary consolidation of the *Marin* Action with another identical putative collective-class action, *Lebron, et al. v. Apple-Metro, Inc., et al.*, Civil Action No. 13-CV-1411 ("Lebron Action"), the complaint in the *Marin* Action was amended for a second time.[2]  (*See id.*, ECF No. 23).

In this Second Amended Complaint ("*Marin* Second Am. Compl."), the *Marin* plaintiffs assert FLSA claims for minimum wage and overtime pay arising out of alleged unlawful practices such as requiring employees to work off the clock (*Marin* Second Am. Compl. at ¶¶ 123; 124) and shaving employees' time (*id.* at ¶¶ 101; 106; 115; 124).[3]  Plaintiffs seek to represent all:

> Current and former employees of Defendants who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period, who give consent to file a cause of action to **recover the difference between the amount of wages actually paid to them and the statutory amount due as well as to recover the overtime compensation** which is legally due to them for the time worked in excess of forty (40) hours per week.

(*Id.* at ¶ 61 (emphasis added)).  The *Marin* plaintiffs are seeking to recover unpaid minimum wage and overtime pay resulting from these alleged unlawful practices.  (*Id.* at 34, Prayer for Relief).

The parties in the *Marin* Action have filed their pleadings, exchanged initial disclosures, attended the initial conference and exchanged limited discovery related to conditional certification issues.  Defendants have conducted the deposition of one of the named plaintiffs. The *Marin* plaintiffs have deposed two of Defendants' Fed. R. Civ. P. 30(b)(6) witnesses. Plaintiffs' motion for conditional certification in the *Marin* Action was granted on July 29, 2014,

---

[2] In the *Lebron* action, Judge Castel issued an Order requesting an explanation as to why the case should not be dismissed pursuant to the first-filed rule. (*Lebron Action*, ECF No. 13.)  In response, the *Lebron* plaintiffs voluntarily dismissed their action and consolidated their claims with the *Marin* plaintiffs.
[3] The *Marin* Second Am. Compl. is attached as Exhibit A to the Declaration of Craig R. Benson, dated August 8, 2014 ("Benson Decl.").

conditionally certifying a class of all "non-managerial employees at Apple-Metro's 36 area restaurants, including servers, hosts, cooks, bartenders, expediters, runners, dishwashers, and maintenance workers." (*See Marin* Order at 17-18).[4]

###### B.     The *Dove* Action

On March 18, 2013, Shaunta Dove, a former hourly employee who also worked at the Jamaica Applebee's, filed a putative collective-class action against, among others, Apple-Metro, Inc., Zane Tankel and Roy Raeburn.   On September 20, 2013, Dove amended her original complaint in order to add additional factual allegations. (*See Dove* Action, ECF No. 15).   In this Amended Complaint ("*Dove* Am. Compl."), Dove asserts FLSA claims for unpaid wages arising out alleged unlawful practices such as Defendants (1) failing to pay tipped employees (servers, hosts and bartenders) the minimum wage because they required servers to declare more tips than they earned in order to clock out without a manager override (*id*. at ¶¶ 93; 95), (2) failing to provide employees all of the tips they were entitled to in the tip share (*id*. at ¶¶ 101-02), and (3) failing to pay the required minimum wage (*id*. at ¶ 62; 96).[5]   Plaintiff seeks to represent all:

> Current and former servers, hosts, hostesses and bartenders of Defendants who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period, who give consent to file a cause of action to recover amounts owed to them and that they were deprived of by Defendants' tip sharing scheme, ***including the minimum hourly required rate of pay per hour worked***."

(Dove Am. Compl. at ¶ 61).   Plaintiff Dove is seeking to recover the difference between the hourly rate she claims to have earned and the standard minimum wage, when she did not earn sufficient tips.   (*See Dove* Am. Compl. at 29-30, Prayer for Relief).

The parties in the *Dove* Action have filed their pleadings, exchanged initial disclosures,

---

[4] The Order on conditional certification in the *Marin* and *Dove* actions is attached to the Benson Decl. as Exhibit B ("Benson Decl.").
[5] The *Dove* Am. Compl. is attached to the Benson Decl. as Exhibit C.

attended the initial conference and exchanged limited discovery related to conditional certification issues.  Defendants have conducted the deposition of Plaintiff Dove.  Plaintiffs' motion for conditional certification in the *Dove* Action was granted on July 29, 2014, conditionally certifying a class of all "tipped hourly employees – servers, hosts, hostesses, and bartenders."  (*See Dove* Order at 22).[6]

       **C.**    **The *Thomas* Action**

On June 6, 2014, Atavia Thomas, a former hourly employee who worked at the Applebee's located in Bronx, New York,[7] brought the instant putative collective-class action, also against Apple-Metro, Inc., Zane Tankel and Roy Raeburn.  (*See Thomas* Action, ECF No. 2).  In the Complaint ("Thomas Compl."), Thomas, like the *Marin* and *Dove* plaintiffs, asserts FLSA claims for failure to pay minimum wage and overtime pay.[8]  Plaintiff Thomas seeks to represent:

> all similarly situated current and former tipped workers employed at Applebee's restaurants owned, operated, and/or controlled by Defendants, for a period of three years prior to the filing of this Complaint and the date of final judgment in this matter, and who elect to opt-in to this action."

(*Thomas* Compl. at ¶ 69).

Thomas asserts factual allegations of off-the-clock work and time-shaving that are ***identical*** to those alleged in the *Marin* Action.  (*Compare Thomas* Compl. at ¶¶ 21-25; 27; 85-87 *to Marin* Second Am. Compl. at ¶¶ 101; 106; 115; 123-124).  Similarly, Thomas also asserts factual allegations regarding Defendants' tip reporting policy that are ***identical*** to those alleged in the *Dove* Action.  (*Compare Thomas* Compl. at ¶¶ 17-20; 88-91 *to Dove* Am. Compl. at ¶¶ 5;

---

[6] The Order on conditional certification in the *Marin* and *Dove* actions is attached to the Benson Declaration as Exhibit B ("Benson Decl.").

[7] Plaintiff also alleges she worked for approximately one year in the Applebee's restaurant located on 102 N End Ave., New York, New York.

[8] The *Thomas* Compl. is attached to the Benson Decl. as Exhibit D.

4

93; 95-96).

Thomas also alleges that Defendants took improper deductions from employees' wages and unlawfully paid employees the tipped wage because of the duties they were required to perform (a "20% Rule claim").  (*See Thomas* Compl. at ¶ 84; 100).  While these allegations regarding deductions and tipped wages are not identical to those in the *Marin* and *Dove* Actions, Thomas' ultimate claim is the same – Defendants failed to pay minimum wage and overtime pay in accordance with the FLSA.  (*See id.* at ¶ 116; 125).  Furthermore, the relief sought by Thomas related to these allegations is the same as the relief sought by Plaintiff Dove – the difference between the hourly rate she claims to have earned and the standard minimum wage.  (*See Id.*, ¶¶ 117-118).

There is no legitimate reason to require Defendants to litigate this Action, in addition to the two previously filed actions, because all the actions assert the same claims – failure to pay minimum wage and overtime pay in violation of the FLSA.  Rather, as discussed in greater detail below, because the *Thomas* Action is substantially similar to the *Marin* and *Dove* Actions, which were filed first, this Court should dismiss this Action pursuant to the first-filed rule without prejudice, or in the alternative, stay this action pending resolution of the *Marin* and *Dove* Actions.[9]

## ARGUMENT

## I.  LEGAL STANDARD

The "first-filed" rule is a well-settled legal doctrine, instructing that "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance

---

[9] By bringing the instant motion, Defendants reserve any defenses that they may have against the class and collective claims.  Further, Defendants maintain that class certification is not appropriate for Plaintiff's allegations.  The factual assertions and legal arguments contained herein are not intended to waive any such defenses, nor are intended to imply that a certified class would be proper.

of convenience or special circumstances giving priority to the second." *Greenaway v. Apple-Metro, Inc.*, No. 13-cv-2818, 2013 U.S. Dist. LEXIS 187198, at * 3 (E.D.N.Y. Nov. 19, 2013) (J. Vitaliano) (citing *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012) (J. Spatt) (quoting *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quotations omitted)); *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) (J. Wexler) (same); *see also Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit . . . ." (citations and quotations omitted)); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (finding that dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits).

"Because parties 'should be free from the vexation of concurrent litigation over the same subject matter,' there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit." *Dish Network, L.L.C. v. ABC,* No. 12 Civ. 4155, 2012 U.S. Dist. LEXIS 94757, at *8 (S.D.N.Y. July 9, 2012) (citations and quotations omitted); *see also Wyler-Wittenberg*, 899 F. Supp. 2d at 247 ("With regard to choice of forum, the Court reiterates that the 'first-filed' rule embodies the notion that the plaintiff who is first to commence litigation should have his or her choice of venue."); *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 (S.D.N.Y. 1999) ("Under the first-filed rule, when two district courts concurrently have before them actions involving the same parties and issues, there is a strong presumption in favor of the forum of the first-filed suit." (citations and quotations omitted)). The first-filed rule should be applied to avoid duplicative efforts, and to avoid inconsistent judgments. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 247 (applying the first-filed rule to FLSA

action found to be duplicative of earlier FLSA actions filed in a different district).

II.     **PLAINTIFF'S COLLECTIVE ACTION CLAIMS SHOULD BE DISMISSED PURSUANT TO THE FIRST-FILED RULE**

In light of the similar nature of the claims, the relief sought, the parties involved, and the persons who are alleged to be "similarly situated" in both the *Thomas* Action and the *Marin* and *Dove* Actions, dismissal of the collective action claims in the later-filed *Thomas* Action is warranted pursuant to the first-filed rule.  *See Greenaway,* 2013 U.S. Dist. LEXIS 187198, at * 2 ((citations omitted)).

A.     **There is Substantial Similarity in the *Thomas*, *Marin* and *Dove* Actions**

1.     **The Claims in the *Marin*, *Dove* and *Thomas* Actions Are Identical**

In both the present litigation and the *Marin* and *Dove* Actions, the plaintiffs are alleging that Defendants violated the FLSA by failing to pay their employees minimum wage and overtime pay for all hours worked. (*Compare Thomas* Compl., at ¶¶ 79; 116; 125 *to Marin* Second Am. Compl. at ¶¶ 62; 99 *to Dove* Am. Compl. at ¶¶ 137).  Accordingly, the legal issues in both lawsuits substantially overlap because resolution of the FLSA collective claims in the *Marin* and *Dove* Actions would "leave[] little to be decided" with respect to the same claims in the present lawsuit.  *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005).

2.     **The Parties in the *Marin*, *Dove* and *Thomas* Actions are Substantially Similar**

In all three lawsuits, plaintiffs bring suit against the same defendants – Apple-Metro, Inc., Zane Tankel and Roy Raeburn.  Although the plaintiffs in the *Marin* and *Dove* Actions also name other defendants as parties, the presence of these additional defendants does not make application of the first-filed rule inappropriate, particularly since the *Thomas* Action does not name any defendants not already named in the *Marin* and *Dove* Actions.  *See Greenaway*, 2013

7

U.S. Dist. LEXIS 187198, at * 3 ("[A]pplication of the rule does not require identical parties in the cases, but merely requires substantial overlap.") (internal citations omitted); *see also Biotronik, Inc. v. Guidant Sales Corp.*, No. 09-442-KI, 2009 U.S. Dist. LEXIS 52635, at *5-6 (D. Or. June 22, 2009) (holding "[t] parties and issues need not be exactly identical; there may be additional parties and the issues need only be 'substantially similar.'"); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008); *Goldsby v. Ash*, No. 09-cv-975-TFM, 2010 U.S. Dist. LEXIS 40213, at *9 (M.D. Ala. Apr. 22, 2010) (applying first-filed rule even though the second suit named additional defendants not named in first filed action).

Similarly, the fact that the named Plaintiffs are not the same in the *Marin*, *Dove* and *Thomas* Actions does not provide a basis for denying Defendants' motion to dismiss. *See Greenaway*, 2013 U.S. Dist. LEXIS 187198, at * 3 (internal citations omitted). If some of the parties in one matter are also parties in the other matter, regardless of whether there are additional unmatched parties in one or both matters, the parties are deemed similar for purposes of the comity doctrine. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 244 ("Importantly, application of the rule does not require *identical* parties in the cases, but merely requires substantial overlap.'" (emphasis in original)). It is irrelevant that the individually named representative plaintiffs differ. *See id.* ("[T]he Court recognizes vast similarities among the individual plaintiffs in each of the putative collective and class actions against MetLife."). Rather, the first-filed rule requires that in a class or representative action, the potential classes – not the named class representatives – are compared. *See id.* at 244-245 ("[C]onsidering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in [the earlier filed actions] to

warrant application of the 'first-filed' rule."). Here, although the individually named plaintiffs differ between the three actions, all of them seek to represent current and former non-exempt Apple-Metro, Inc. employees who allegedly were not paid minimum wage (*Thomas*, *Marin* and *Dove* Actions) and overtime pay (*Thomas* and *Marin* Actions) for all hours worked.

> **3.      The Plaintiffs In The *Marin*, *Dove* and *Thomas* Actions Are All Seeking Identical Relief**

Cases need not be mirror images of each other for the first-filed rule to apply. *See Cassini, Inc. v. Serta, Inc.*, No. 11 Civ. 8751, 2012 U.S. Dist. LEXIS 33875, at *8 (S.D.N.Y. Mar. 13, 2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests"). Substantial similarity between the actions is sufficient. *See id.*; *see also Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (J. Spatt) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases); *MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*, No. 03 Civ. 7157, 2004 U.S. Dist. LEXIS 10906, at *23-24 (S.D.N.Y. June 18, 2004) (observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases).

The majority of the allegations pled in the *Thomas* Action are identical to those in the *Marin* and *Dove* Actions. Although there are differences between the cases, the relief sought in all three cases is exactly the same. The off-the-clock claims in the *Thomas* and *Marin* actions are **identical**. (*Compare Thomas* Compl. at ¶¶ 21-25; 27; 85-87 *to Marin* Second Am. Compl. at ¶¶ 101; 106; 115; 123-124). In fact, District Judge Vitaliano has already determined the Marin Action to be the first-filed case with respect to off-the-clock claims in the EDNY. *See Greenaway*, 2013 U.S. Dist. LEXIS 187198 at * 3-4. Similarly, the claims regarding

9

Defendants' tip reporting policies in the *Thomas* and *Dove* Actions are **identical**.  (*Compare Thomas* Compl. at ¶¶ 17-20; 88-91 *to Dove* Am. Compl. at ¶¶ 5; 93; 95-96).   Only Plaintiff Thomas' allegations regarding improper deductions and the 20% rule remain.   Thomas is seeking to be paid the full minimum wage for all hours worked as a result of these claims, which is the same relief sought by Dove as a result of her claims related to Defendants' "illegal tip sharing scheme."   (*Dove* Am. Compl. at ¶ 137).   Finally, while some allegations between the three actions differ, the putative classes in the *Marin* and *Dove* actions, collectively, are the same as the putative class as the *Thomas* Action.   Magistrate Judge Pollak conditionally certified a collective of all tipped hourly employees employed at any of Defendants' 36 restaurants in the *Dove* Action, and a collective of all hourly, non-managerial employees employed at any of Defendants' 36 restaurants in the *Marin* Action.   Therefore, if either the *Dove* and/or *Marin* Plaintiffs are successful, Thomas and members of the putative collective in this Action will be not entitled to double recovery under principles of *res judicata*, regardless of the fact that some of the allegations differ.[10]

Judicial economy would be served by dismissing the substantially similar *Thomas* Action, as it would prevent two separate judges from having to hear and resolve the same claims.  Further, Defendants would not be burdened by the duplicative costs of simultaneous litigation by not having to attend numerous depositions twice, not having to produce thousands of documents twice, and not having to brief the pertinent issues twice.   *See id.*; *Castillo*, 960 F. Supp. 2d at

---

[10] "Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks and citations omitted).   "Thus, the doctrine bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action."   *Id.* (internal quotation marks and citations omitted).  Members of the putative collective have yet another opportunity to recover damages pursuant to New York State law on identical claims pled in this Action.  Counsel for Plaintiff Thomas has filed a nearly identical Complaint in New York Supreme Court, Bronx County, on behalf of a different Plaintiff, entitled *Del Toro v. Apple-Metro, Inc.*, et al., Index No. 22188/2014E.   A copy of the *Del Toro* Complaint is attached to the Benson Decl. as Exhibit E.

404-05 (finding that "[d]ismissal is also appropriate because it would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action") (citing *Ortiz v. Panera Bread Co.*, No. 10cv1424, 2011 U.S. Dist. LEXIS 85463 (E.D. Va. Aug. 2, 2011) (noting that dismissing the second matter is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations")).

Based on the foregoing, Plaintiff's collective action claims should be dismissed, pursuant to the first-filed rule, due to the substantial similarity to the claims asserted in the *Marin* and *Dove* Actions.

### B.   There Are No Exceptions to the First-Filed Rule Present in This Action

The Second Circuit has held that the presumption of priority accorded to the first-filed suit will give way: (1) where "special circumstances," such as an improper anticipatory filing or inappropriate forum shopping exist; and (2) "where 'the balance of convenience' favors the second-filed action." *Dish Network, L.L.C.*, 2012 U.S. Dist. LEXIS 94757, at *8-9 (citing *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275-76 (2d Cir. 2008)). Neither exception applies here.

### 1.   There are no special circumstances.

Special circumstances only include manipulative or deceptive behavior on the part of the first-filing plaintiff, most commonly in declaratory judgment actions. *See Emp'rs Ins. of Wausau*, 522 F.3d at 276. This exception is clearly inapplicable here, where the first-filed *Marin* and *Dove* Actions have been pending for over a year, undisputedly eliminating any inference that these matters involved a race to the court or forum shopping.

### 2.     The balance of convenience does not favor this suit.

The second exception to the first-filed rule is "where the 'balance of convenience' favors the second-filed action."  *See id.*  Specifically, the Court here must decide whether allowing a second, substantially similar, action to proceed is more convenient than dismissing the case so that it can be resolved by the Court in the *Marin* and *Dove* Actions.  Litigating a third class action with duplicative claims, in a different court, in front of a different judge, where the Plaintiff is seeking the same relief as two previously filed actions, is clearly not convenient to Defendants or this Court, which would both be duplicating efforts on all fronts in these cases.  Nor could it be argued that the Southern District of New York is a more convenient forum in which to litigate all three actions, especially considering that the *Marin* and *Dove* Actions have been pending for over a year in the Eastern District of New York.

## III.     ALTERNATIVELY, THIS COURT SHOULD STAY THE *THOMAS* COLLECTIVE ACTION CLAIMS PENDING RESOLUTION OF THE *MARIN* AND *DOVE* ACTIONS

Should the Court determine not to dismiss Plaintiff's collective action claims in this lawsuit in favor of the substantially similar claims in the first-filed *Marin* and *Dove* Actions, Defendants respectfully request that the Court temporarily stay these claims pending the outcome of the *Marin* and *Dove* Actions.  *See DiGennaro v. Whitehair*, 467 F. App'x 42, 43 (2d Cir. 2012) (finding that it is fundamental that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit" (citation omitted)).  It does not serve any purpose to maintain duplicative claims in three separate actions in two separate courts.  *See Emp'rs Ins. of Wausau*, 522 F.3d at 275 (the first filed rule "embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation . . ." (citation omitted)); *see also Moore v. Morgan Stanley & Co.*, No. 07 C 5606, 2007 U.S. Dist. LEXIS 90567, at *8 (N.D. Ill. Dec. 6, 2007) (staying later-filed class

action "in order to avoid expensive and duplicative litigation of virtually the same claims in two federal courts"); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006) (noting that the settlement of class actions is complicated and may be frustrated if two courts are attempting to decide overlapping issues).  Moreover, Defendants will suffer financial prejudice if required to simultaneously defend these three collective actions in two different courts with two separate judges.  There is also a substantial risk of inconsistent judgments regarding identical claims.

Most notably, if the *Marin* and *Dove* Plaintiffs are successful, Thomas and members of the putative collective will recover all the damages that they seek in this action.  Neither Thomas nor the members of the putative collective here will be entitled to double recovery, rendering this action moot.  Accordingly, if the Court determines dismissal is not appropriate, Plaintiff's collective action claims in the Complaint should be stayed, pending the resolution of the first-filed *Marin* and *Dove* Actions.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's collective action claims pled in the Complaint without prejudice, pursuant to the first-filed rule, or in the alternative, stay these claims pending the outcome of the *Marin* and *Dove* Actions.

Date:   August 8, 2014
        New York, New York

                                    /s/ Craig R. Benson
                                    _____
                                    Craig R. Benson
                                    George B. Pauta
                                    Erin W. Smith
                                    LITTLER MENDELSON
                                       A Professional Corporation
                                    900 Third Avenue
                                    New York, NY  10022
                                    212-583-9600
                                    cbenson@littler.com
                                    gpauta@littler.com
                                    ewsmith@littler.com

                                    *Attorneys for Defendants*

128298197.2