```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATAVIA THOMAS, individually and on behalf of  :
all others similarly situated,                :
                                              :
                              Plaintiff,      :
                                              :      14-CV-4120 (VEC)
                -against-                     :
                                              :        MEMORANDUM
APPLE-METRO, INC. d/b/a APPLEBEE'S,           :     OPINION AND ORDER
ZANE TANKEL, and ROY RAEBURN,                 :
                                              :
                              Defendants.     :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/05/2015

VALERIE CAPRONI, United States District Judge:

Plaintiff, a former hourly employee of Applebee's restaurants located in the Bronx and Manhattan, New York, filed the Complaint in this action on June 6, 2014, asserting putative collective action claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), against Defendants, her former employers, for violations of the FLSA's wage-and-hour requirements. Plaintiff brings FLSA claims on behalf of herself and other similarly situated employees of Applebee's restaurants located throughout the five boroughs of New York City, as well as in Westchester and Rockland counties. Plaintiff also, individually, brings claims against Defendants under 29 U.S.C. § 215 and the New York Labor Law ("NYLL") for retaliatory termination.

Defendants have moved to dismiss Plaintiff's collective action claims pursuant to the "first-filed" rule, based on the prior filing of two substantially similar lawsuits, *Marin v. Apple Metro, Inc. et al.*, 12 Civ. 5274 (E.D.N.Y.) (ENV) (CLP) and *Dove v. Apple-Metro, Inc., et al.*, 13 Civ. 1417 (E.D.N.Y.) (ENV) (CLP), which have been pending as related cases before Judge Vitaliano in the U.S. District Court for the Eastern District of New York since October 2012 and March 2013, respectively (the "Eastern District Actions"). In the alternative, Defendants argue that Plaintiff's collective action claims should be stayed pending the resolution of the Eastern

District Actions. In opposing the Motion to Dismiss, Plaintiff counters that the first-filed rule either favors this forum or does not apply, and, in the alternative, suggests that this case be transferred to the Eastern District of New York. For the following reasons, Defendants' motion is GRANTED, and Plaintiff's collective actions claims are dismissed.

## BACKGROUND

### I.     The Eastern District Actions

On October 22, 2012, Carlos Marin filed a putative collective-class action complaint against, among others, Apple-Metro, Inc., Zane Tankel and Roy Raeburn in *Marin v. Apple Metro, Inc., et al.*, 12 Civ. 5274 (E.D.N.Y.) (ENV) (CLP) (the "*Marin* Action"). Since then, the complaint has been amended twice and the *Marin* Action has been consolidated with another putative collective-class action, *Lebron, et al. v. Apple-Metro, Inc., et al.*, 13 Civ. 1411 (E.D.N.Y.) (ENV) (CLP). In addition, a third putative collective-class action, seeking substantially the same relief, has been dismissed by Judge Vitaliano as "duplicative" of the *Marin* action under the first-filed rule. *See* Mem. & Order, *Greenaway v. Apple-Metro Inc., et al.*, 13 Civ. 2818 (E.D.N.Y. Nov. 19, 2013), ECF No. 23.

In the *Marin* Action, Plaintiff seeks to recover unpaid minimum wage and overtime pay allegedly due because Defendants allegedly required employees to work off the clock and shaved employees' time. *See* Benson Decl. Ex. A, 2d Am. Compl. ¶¶ 61, 101, 106, 115, 123-24. Marin's motion for conditional certification was granted on July 29, 2014, with respect to the class of all "non-managerial employees at Apple-Metro's 36 area restaurants, including servers, hosts, cooks, bartenders, expediters, runners, dishwashers, and maintenance workers." *See* Benson Decl. Ex. B, Order at 17-18. Discovery in the *Marin* Action is now well-advanced, with certain party depositions having already been taken. *See* Order, *Marin v. Apple Metro, Inc., et al.*, 12 Civ. 5274 (E.D.N.Y. Mar. 5, 2014), ECF No. 57.

On March 18, 2013, Shaunta Dove filed another putative collective-class action complaint against, among others, Apple-Metro, Inc., Zane Tankel and Roy Raeburn in *Dove v. Apple-Metro, Inc., et al.*, 13 Civ. 1417 (E.D.N.Y.) (ENV) (CLP) (the "*Dove* Action"). Dove seeks to recover wages allegedly due because Defendants allegedly required servers to declare more tips than they earned, failed to provide employees all of the tips to which they were entitled in the tip share and otherwise failed to pay the minimum wage. Benson Decl. Ex. C, Am. Compl. ¶¶ 62, 93, 95-96, 101-02. Dove's motion for conditional certification was granted together with the same motion in the *Marin* Action on July 29, 2014, with respect to the class of all "tipped hourly employees – servers, hosts, hostesses, and bartenders." Benson Decl. Ex. B, Order at 22. As in the *Marin* Action, considerable discovery has already taken place in the *Dove* Action, including the taking of certain depositions. *See* Order, *Dove v. Apple-Metro, Inc., et al.*, 13 Civ. 1417 (E.D.N.Y. Mar. 5, 2014), ECF No. 33.

## II.     The Instant Action

Plaintiff filed her Complaint on June 6, 2014, shortly before conditional certification was granted in the Eastern District Actions. Plaintiff alleges that Defendants failed to pay proper minimum wages and overtime compensation and took unlawful deductions, all in violation of the FLSA. Compl. ¶¶ 6, 8, 20, 79-111. Plaintiff's allegations regarding off-the-clock work and time-shaving are similar to allegations in the *Marin* Action, and her allegations regarding tipping policies are similar to those in the *Dove* Action. Plaintiff's Complaint also includes several unique claims, however, including her retaliation claim, her claim regarding required uniforms and other equipment, and her claim that Defendants violated the so-called 20% Rule. Compl. ¶¶ 84, 100. At the same time, Plaintiff's Complaint does not include several of the claims asserted in the *Dove* and *Marin* Actions, including minimum wage, overtime, conversion, and other claims specifically brought under the NYLL. Plaintiff's action has yet to be certified as a

collective action and to date, only one other person has consented to become a party. *See* FLSA Consent of Todd Whittington, *Thomas v. Apple-Metro Inc., et al.,* 14. Civ. 4120 (S.D.N.Y. Nov. 21, 2014), ECF No. 23.

## DISCUSSION

The first-filed rule is a well-established Second Circuit doctrine, based on the principle that "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons,* 878 F.2d 76, 79 (2d Cir. 1989) (alterations, citations, and internal quotation marks omitted). *See also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) ("Deference to the first filing embodies considerations of judicial administration and conservation of resources and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter.") (citations and internal quotation marks omitted). Pursuant to this rule, "a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action." *See Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013) (citation omitted). In the alternative, courts may opt to transfer a case to the first-filed district or stay the second case pending resolution of the first-filed case. *See Wyler-Wittenberg v. MetLife Home Loans, Inc.,* 899 F. Supp. 2d 235, 247-250 (E.D.N.Y. 2012).

As a presumption, rather than a rigid rule, the first-filed doctrine "may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Berisford Capital Corp. v. Cent. States, Se. & Sw. Areas Pension Fund,* 677 F.Supp. 220, 222 (S.D.N.Y. 1988). In particular, the Second Circuit has identified two exceptions to the first-filed rule: "(1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." *Employers Ins. of Wausau v. Fox*

*Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations and internal quotation marks omitted). The factors to be considered in the balance of convenience analysis are "essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)," *Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C.,* 178 F.Supp.2d 459, 465 (S.D.N.Y. 2002), namely: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *Employers Ins. of Wausau*, 522 F.3d at 275 (citations omitted). "Special circumstances," which the Second Circuit has noted are "quite rare," include manipulative or deceptive behavior by the first-filing plaintiff (*e.g.,* when the first lawsuit is an improper anticipatory declaratory judgment action) and instances in which forum shopping alone motivated the choice of forum for the first suit. *Id.* at 275-76. *See also Tate-Small v. Saks Inc.,* No. 12 CV 1008 (HB), 2012 WL 1957709, at *2 (S.D.N.Y. May 31, 2012).

Plaintiff asserts that the first-filed rule is inapplicable because her case is not identical to the *Dove* or *Marin* Actions. *See* Opp. at 5 ("Apple-Metro has failed to make out their proof under the 'first-filed' rubric that this case is *identical* to the two pending cases in the Eastern District.") (emphasis in original). This argument is unavailing, however, because courts in this Circuit frequently apply the first-filed rule to cases that are similar, but not identical. *See Castillo,* 960 F. Supp. 2d at 404 ("The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially.") (citing *Wyler–Wittenberg,* 899 F.Supp.2d at 244; *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-03313, 2011 WL 4962499 (JBW), at *3 (E.D.N.Y. Oct. 14, 2011); *Oleg Cassini, Inc. v. Serta, Inc.,* 2012 WL 844284 (PAE), at *3 (S.D.N.Y. March 13, 2012) (for first-filed rule to apply "issues need not be

5

identical, and the named parties need not be entirely the same provided that they represent the same interests")). *See also Wyler-Wittenberg,* 899 F. Supp. 2d at 244-46 (applying first-filed rule to second-filed suit even though opt-in plaintiffs were not the same and the first-filed suit did not include minimum wage claims or claims under New York law); *Tate-Small*, 2012 WL 1957709, at *2-4 (applying first-filed rule to second-filed action even though different state law applied to the two suits and there was little overlap among plaintiffs in the two class actions).

The cases Plaintiff cites in support of her position are inapposite because they involve lawsuits filed in different states, pursuant to different state laws, where there was little overlap between the cases and where resolution of the first suit would not be conclusive of the claims asserted in the second. *See, e.g., Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539-40 (S.D.N.Y. 2013); *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 Civ. 9305, 2012 WL 3339045, at *1 (S.D.N.Y. Aug. 14, 2012); *Raniere v. Citigroup, Inc.*, 827 F. Supp. 2d 294, 301-02 (S.D.N.Y. 2011). Here, in contrast, the lawsuits at issue seek identical relief, assert nearly identical claims for minimum wage, overtime and tipping violations under Federal law, and have been filed in a sister New York district court with respect to the same class of plaintiffs as against the same core group of Defendants. Courts have found that the first-filed rule is well-suited to such circumstances. *See Tate-Small v. Saks Inc.*, 2012 WL 1957709, at *3 (noting that the first-filed rule is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations") (citation omitted).

Alternatively, Plaintiff contends that that "special circumstances" preclude application of the first-filed rule because Plaintiff's unique assertion that Defendants violated the so-called 20%

Rule[1] makes her case a more comprehensive and superior vehicle for litigating the FLSA claims at issue. Opp. at 1-2. Plaintiff argues that, because she is the only plaintiff to assert violations of the 20% Rule, and because this claim is, in her view, likely to succeed, her case is not amenable to dismissal under the first-filed rule. Opp. at 5.

Plaintiff cites no law in support of this proposition.[2] Neither does she contend that the balance of convenience factors weigh in favor of this forum, or that plaintiffs in the *Marin* and *Dove* Actions engaged in manipulative behavior or forum-shopping, such that "special circumstances" should preclude application of the first-filed rule. Rather, Plaintiff argues that the Court should use its discretion to preserve her suit because she believes it is superior to the others and therefore better for the class.

The fact that the *Marin* and *Dove* actions do not include Plaintiff's 20% Rule claim does not justify departure from the first-filed rule. Plaintiff is not required to opt-into the *Marin* and *Dove* FLSA classes and she has the right to opt out of any Rule 23 settlement class if she wishes to preserve her 20% Rule claim from being barred under the doctrine of *res judicata*. *See Klein v. Ryan Beck Holdings, Inc.,* No. 06 CIV. 3460 (WCC), 2007 WL 2059828, at *7 (S.D.N.Y. July

---

[1] U.S. Department of Labor regulatory guidance has clarified that employers may not take advantage of the tip credit with respect to hours worked by employees performing non-tipped tasks to the extent that such employees spend more than 20 percent of their working time performing non-tipped work. *See, e.g., Chhab v. Darden Restaurants, Inc.,* No. 11 CIV. 8345 NRB, 2013 WL 5308004, at *3 (S.D.N.Y. Sept. 20, 2013) (citing U.S. Department of Labor, Wage and Hour Division Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act (rev. Mar. 2011) ("DOL Fact Sheet # 15"), available at http://www.dol.gov/whd/regs/compliance/whdfs15.htm (last visited January 9, 2015)).

[2] Plaintiff's cited cases merely highlight other circumstances, not applicable here, under which courts have found departure from the first-filed rule to be warranted. *See Fleet Capital Corp. v. Mullins*, 03-Civ.-6660 (RJH) (KNF), 2004 WL 548240, at *3-5 (S.D.N.Y. Mar. 18, 2004) (staying a "first-filed" action in the Southern District of New York, where the "second-filed" action had actually been pending in Texas for two years longer, and was only considered the "second-filed" action because of the filing of an amended complaint); *Sharimalia Food Corp. v. Monarch Wine Co., L.P.*, 91 Civ. 6691 (RPP), 1992 WL 58308, at *2-3 (S.D.N.Y. Mar. 13, 1992) (transferring a first-filed action to the Northern District of Illinois where the first-filed action was an improper anticipatory filing for a declaratory judgment, and was related to a settlement agreement arising out of a suit that had previously been adjudicated in the Northern District of Illinois). Neither of these cases, or any of which the Court is aware, stands for the proposition that a Court should permit a second action, which is substantially identical to the first, to proceed merely because the second-filing plaintiff believes that his or her complaint is superior to the first-filed complaint.

13, 2007), *as amended* (July 20, 2007) ("The claimed substantive right of a prospective plaintiff to avoid the consequences of *res judicata* after selecting not to opt into an FLSA collective action can be protected by opting out of the Rule 23 class action."). As for the rest of the class, while Plaintiff's desire to litigate in their best-interests is commendable, judicial economy and fairness to all parties require dismissal of her collective action claims. There is simply no reason for this Court to decide nearly identical questions of law and fact as those now being adjudicated in the Eastern District Actions, with regard to the same requested relief, the same Defendants and the same class of plaintiffs. *See Castillo*, 960 F. Supp. 2d at 405 ("[I]t is precisely such concerns that have led courts here and in other jurisdictions to dismiss or transfer second filed FLSA actions in favor of an earlier filed similar action.") (citations omitted).

In addition, under the present circumstances, staying or transferring this action would not foster the guiding principles of judicial economy and fairness that courts must rely upon in determining whether, and how, to apply the first-filed rule. Retaining jurisdiction of the collective action claims would require the Court to reexamine, albeit at a later date, many of the same issues to be decided in the *Marin* and *Dove* actions, and could also potentially interfere with settlement negotiations that might arise in those cases. Moreover, while other courts have opted to transfer, rather than dismiss, certain second-filed suits, because there are no differences in the classes of eligible plaintiffs, the relief being sought and the law being applied in this action versus the Eastern District Actions, transferring this case, is not appropriate given the relatively advanced status of those cases. *Cf. Wyler–Wittenberg,* 899 F.Supp.2d at 244 (finding transfer, rather than dismissal, appropriate where a significant number of individuals had already opted into the second case); *Tate-Small*, 2012 WL 1957709, at *2-4 (transferring a second-filed action to the first-filed forum where there was little, if any, overlap between the classes of plaintiffs in

the two actions). Under these circumstances, dismissal of Plaintiff's collective action claims is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's collective action claims are hereby dismissed. Plaintiff's Motion for Conditional Certification and Court-Authorized Notice (ECF Nos. 24-26) is also DENIED as moot. Plaintiff shall notify the Court by March 2, 2015 whether she wishes to proceed with her individual claims as part of this lawsuit and not to opt-in to the *Marin* and *Dove* Actions. In the event that Plaintiff wishes to pursue her individual claims before this Court, her case will be stayed pending resolution of the *Marin* and *Dove* Actions. The Clerk of Court is respectfully requested to close the open motions at ECF Nos. 16 and 24.

**SO ORDERED.**

Date: February 5, 2015
New York, NY

**VALERIE CAPRONI**
**United States District Judge**